**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| MOSAID TECHNOLOGIES INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. 2:23-cv-00129 |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| MEDIATEK, INC. ) | |
| MEDIATEK USA, INC., ) | **PUBLIC VERSION OF ECF 116** |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO PRODUCE RESPONSIVE
DOCUMENTS AND COMPLETE INTERROGATORY RESPONSES**

Over a year ago, on August 4, 2023, this Court entered a Discovery Order, which provides in pertinent part that "*without awaiting a discovery request*, each party will […] produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action […]." *See* ECF No. 31 at § 3(b). As explained in other motions (e.g., ECF No. 97), MediaTek waited until August 1, 2024 to produce 80% of its document production—a production for which it has characterized the relevance as "dubious at best" (ECF No. 108 at 1). Now MediaTek relies on the sheer volume of its "dubious" production to justify withholding of highly relevant documents. For example, MediaTek's deficient production relating to damages led MOSAID to scour publicly available records, including PACER filings in other cases, to identify highly relevant and unproduced documents. MOSAID also served numerous third-party subpoenas, only to discover more unproduced documents that have been within MediaTek's possession, custody, and control the entire time. While MediaTek has recently scrambled to produce some of this information, it still appears that many documents remain unproduced. And given today's deadline for filing a motion to compel, MOSAID moves to compel this information.[1]

On July 19, 2024, MOSAID notified MediaTek of significant deficiencies in its discovery responses. *See* Ex. 1 (Excerpt from M. Jones to J. Colaianni, at 1-2 (Jul. 19, 2024)). MOSAID's counsel followed up with emails providing examples of specific deficiencies identified through publicly available PACER searches, including a redacted 2018 Annual Plan and Forecast, and conferred with opposing counsel about missing documents and deficient interrogatory responses on August 1. On September 3, 2024, counsel for MOSAID e-mailed MediaTek's counsel,

---

[1] Given MediaTek's continued and belated production of these relevant documents, MOSAID hopes that MediaTek ultimately moots many of the issues presented in this Motion. But as of the filing of this Motion (on the final day to file motions to compel), numerous documents appear to remain missing.

1

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

identifying still-missing documents. Counsel for MediaTek stated in response that MediaTek would provide responsive documents in their possession or would "look into" the request. Following the parties' lead and local meet and confer on September 4, 2024, the following categories of responsive documents remain unproduced:

- MediaTek's actual, estimated, and forecasted market share in the United States;

- All analyst reports, internal presentations discussing the same, and bi-weekly TV business unit documentation;

- Sealed portions of the trial transcripts, deposition transcript(s) of its damages expert, and MediaTek's damages expert report related to its valuation of its a potentially comparable power management patent in the Freescale litigation;

- All reports, invoices, and documentation in connection with the now-produced market development fund agreements ("MDFs");

- Documents similar to the "2018 Annual Plan Schedule and Process" or other documents showing MediaTek's North American or United States market share; and

- The ■■■■■■■■■■■■■■■■■■■■■■■■■■■ identified on RPG_3P_00256 at -258.

Each of the documents requested by MOSAID is relevant to the issues of infringement or damages in this action. Many of MediaTek's interrogatory responses remain deficient as well. While MediaTek has promised to supplement these responses on the last day of discovery, MOSAID seeks an order compelling such responses if they remain deficient after MediaTek's promised supplementation.

First, MOSAID seeks to compel the production of reports related to MediaTek's U.S. or North American market share, internal presentations that include discussion of such market share and any forecasts of such market share for any of the relevant product segments and/or for MediaTek SoCs generally across product segments. MediaTek recently produced ■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

2

███████████ But MediaTek has not produced similar analyses or calculations of its U.S./North American market share (i.e., its analysis and calculations of market share based on ███████████████████████████████████) and presentations including that analysis. Given that MediaTek has taken the position that it does not track how many of its SoCs are imported and/or sold by third party OEM's consumer electronics in the United States, these documents are highly relevant, as they would allow MOSAID to translate MediaTek's own global sales into a reasonable estimation of the number of OEM products including a MediaTek SoC that are sold in the U.S.

Second, MOSAID seeks production of all analyst reports, internal presentations discussing such analyst reports, and all bi-weekly TV business unit reports for a similar reason. These documents reflect market share analysis that is relevant to MOSAID's damages analysis. While MediaTek has produced some bi-weekly TV reports, numerous bi-weekly reports are missing from the production. MediaTek's witnesses have testified that ████████████████████████████████████████████████████████████████████████████████. Accordingly, MOSAID requests that MediaTek be compelled to produce all such responsive documents from 2017 to present.

Third, MOSAID seeks unredacted trial transcripts and litigation materials that describe valuations MediaTek performed of comparable technologies and patents. For example, MediaTek introduced evidence regarding the value of its own power management patent in a patent trial against Freescale. While MOSAID has obtained and produced the publicly available portions of the trial transcript, other portions are not publicly available. MOSAID requested MediaTek produce narrowly tailored documentation including its damages expert's report and exhibits and the sealed portion of the trial testimony together with cited exhibits. The publicly available portion of the trial transcript reveals that MediaTek contended a 10% royalty rate was reasonable for its

3

own power management technology. MediaTek has refused to produce the requested documents, alleging that the documents are not within its possession or custody, but has thus far refused to contact its counsel (whom it controls) to obtain the information.[2] Given the upcoming deadlines for expert reports, MOSAID requests that MediaTek be compelled to produce such documents.

Fourth, MOSAID seeks invoices, reports, and any other documents related to its MDFs and any additional MDFs with any OEM that sells products in the U.S. Through other publicly available trial transcripts, MOSAID identified the existence of MediaTek's MDFs with third party who sell products in the U.S. OEMS (*e.g.*, Sony, LGE, Amazon, and Vizio). While MediaTek has now produced those MDFs, MediaTek has not produced documents relating to those agreement. For example, on their face, the MDFs also refer to invoices and reports, and payments are tied to OEM consumer devices containing MediaTek SoCs (likely sold in the United States), and thus are directly relevant to damages in this case as well as to MediaTek's inducement of third-party OEMs. Further, the same transcript refers to additional MDF agreement(s) with at least Motorola that MediaTek has not yet produced. MOSAID requests that MediaTek be compelled to produce such these highly relevant materials.

Fifth, MOSAID seeks MediaTek forecasts and market share analysis for each accused product segment (smartphones, tablets, Chromebooks, IoT/wearables, and digital TVs) for the North American/US markets for 2016 to present. After MOSAID identified MediaTek's redacted "2018 Annual Plan Schedule and Process" through filings in other cases,[3] MediaTek finally produced an unredacted version of that particular document,

---

[2] MOSAID also served a subpoena duces tecum on third party WilmerHale seeking these documents, but WilmerHale has not yet served objections or responses, or indicated whether it will produce the requested documents.
[3] MediaTek has claimed throughout this case that is unaware of how many of the Accused Products are eventually imported into, and sold in the United States. These documents contradict MediaTek's claims.

4

██████████████████████████████████████

████████████████████████████. MediaTek also provided limited documents relating to analyses of the total addressable market and MediaTek's market share for North America. MTK_MOSAID_02250016. But MediaTek has not produced studies for other years or for products beyond the smartphone product segment, which certainly must exist. Accordingly, MOSAID requests that MediaTek be compelled to produce similar documents for other years and other relevant product segments (e.g., tablets, Chromebooks, IoT, and TVs).

Sixth, MOSAID seeks unproduced information regarding MediaTek's purchase of OEM products in the United States containing the Accused Instrumentalities. MOSAID subpoenaed MediaTek's PR firm, Racepoint Global ("RPG") for documents relevant to damages. RPG's production of documents includes ████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████ RPG_3P_00256 at -258. Moreover, RPG's production revealed that MediaTek purchases third party OEM products containing MediaTek SoCs in the U.S., for a variety of purposes including for demonstrations. Thus, the referenced-but-unproduced "demo requirement spreadsheets" appears that it would list the purchased OEM products, establishing that MediaTek is directly aware of third-party sales in the U.S. of OEM devices containing MediaTek SoCs and aiding the identification of such OEM products. Accordingly, rather than seeking to compel RPG to produce these documents that are in MediaTek's possession, custody and control, MOSAID requests that MediaTek be compelled to produce these documents.

Finally, MOSAID seeks to compel complete responses to its interrogatories, including Interrogatory Nos. 1, 10, 21, and 23. Recently, MediaTek identified 89 new SoCs in response to interrogatory 12; MOSAID requests supplementation of the response to No. 1 as it relates to these newly-identified SoCs. MOSAID requests supplementation of the response to No. 10 to identify

the OEM products containing a MediaTek SoC that MediaTek has purchased in the U.S. for any reason, directly or indirectly. With regard to No. 21, MOSAID requests supplementation in connection with MediaTek's efforts to identify its U.S. market share, as reflected in recently produced documents. Finally, in connection with No. 23, MOSAID requests supplementation to identify which (if any) specific third-party OEM products MediaTek contends should be excluded from the damages royalty base. While MediaTek has agreed to do so weeks ago, supplementation still has not occurred.

## CONCLUSION

The deadline for filing motions to compel has arrived and fact discovery closes today. MOSAID cannot wait any longer for MediaTek to complete its investigation and provide long overdue productions and responses.[4] MediaTek's choice to hamper the discovery process continues to prejudice MOSAID's preparation of the case for trial and hinders efficiency. Accordingly, MOSAID respectfully requests the Court compel MediaTek to provide the information and document MOSAID requests.

---

[4] MediaTek continues to produce documents as of the filing of this motion. To the extent that any of these productions resolve the disputes identified in this motion, MOSAID will notify the Court promptly.

| | |
|---|---|
| Dated: September 5, 2024 | Respectfully submitted,<br><br>*/s/ Miranda Y. Jones*<br>Jamie H. McDole<br>  LEAD COUNSEL<br>  State Bar No. 24082049<br>Phillip B. Philbin<br>  State Bar No. 15909020<br>Michael D. Karson<br>  State Bar No. 24090198<br>David W. Higer<br>  State Bar No. 24127850<br>Miranda Y. Jones<br>  State Bar No. 24065519<br>Grant Tucker<br>  State Bar No. 24121422<br>Matthew L. Vitale<br>  State Bar No. 24137699<br>WINSTEAD PC<br>2728 N. Harwood Street<br>Suite 500<br>Dallas, Texas 75201<br>Tel.: (214) 745-5400<br>Fax: (214) 745-5390<br>Email: jmcdole@winstead.com<br>         pphilbin@winstead.com<br>         mkarson@winstead.com<br>         dhiger@winstead.com<br>         mjones@winstead.com<br>         gtucker@winstead.com<br>         mvitale@winstead.com<br><br>Austin C. Teng<br>  State Bar No. 24093247<br>Nadia E. Haghighatian<br>  State Bar No. 24087652<br>WINSTEAD PC<br>600 W. 5th Street<br>Suite 900<br>Austin, Texas 78701<br>Tel.: (512) 370-2800<br>Fax: (512) 370-2850<br>Email: ateng@winstead.com<br>         nhaghighatian@winstead.com |

7

        Charles Everingham IV
          State Bar No. 00787447
        Andrea L. Fair
          State Bar No. 24078488
        WARD, SMITH & HILL, PLLC
        1507 Bill Owens Parkway
        Longview, Texas 75604
        Tel: (903) 757-6400
        Fax: (903) 757-2323
        Email: ce@wsfirm.com
               andrea@wsfirm.com

*Attorneys for Plaintiff*
*MOSAID Technologies Inc.*



## CERTIFICATE OF SERVICE

I hereby certify that, on September 5, 2024, I electronically submitted the foregoing document with the clerk of the United States District Court for the Eastern District of Texas, using the electronic case management CM/ECF system of the Court which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service.

/s/ Miranda Y. Jones
Miranda Y. Jones

## CERTIFICATE OF CONFERENCE

I hereby certify that, on September 4, 2024, counsel for MOSAID and counsel for MediaTek met and conferred regarding the issues raised in this Motion to Compel. MOSAID was represented on the meet and confer call by Jamie H. McDole, Michael D. Karson, Miranda Y. Jones, and Charles Everingham IV. MediaTek was represented on the meet and confer call by Ruffin Cordell, Joseph V. Colaianni, Jared Hartzman, and Andrew T. "Tom" Gorham. During the meet and confer call, counsel for MediaTek could not, or would not, agree to the existence of and/or commit to produce the documents requested herein. In addition, while MediaTek represented that it would provide supplemental interrogatory response, MediaTek has not provided the supplement as of the filing of this motion. Accordingly, the parties are at an impasse and the Motion to Compel is submitted to the Court for determination. Counsel have complied with the meet and confer requirement in Local Rule CV-7(h).  This motion is opposed.

*/s/ Miranda Y. Jones*
Miranda Y. Jones

# EXHIBIT 1



Austin | Charlotte | Dallas | Fort Worth | Houston | New York | San Antonio | The Woodlands

2728 N. Harwood Street  214.745.5400 OFFICE
Suite 500  214.745.5390 FAX
Dallas, TX 75201  winstead.com

Miranda Jones
direct dial: 214-745-5755

*Via E-mail*
Joseph Colaianni
Fish & Richardson
1000 Maine Avenue SW, Suite 1000
Washington, D.C. 20024
colaianni@fr.com

Re: *MOSAID Technologies Inc. v. MediaTek, Inc., et al.*, No. 2:23-cv-00129-JRG-RSP (E.D. Tex.)

Dear Mr. Colaianni,

    I write to raise several serious concerns about the current status of Defendants MediaTek, Inc. and MediaTek USA Inc.'s (collectively "MediaTek") document production and discovery responses in this matter, including MediaTek's deficient responses to MOSAID's interrogatories and deficiencies in MediaTek's document production to date. In fact, despite alleged compliance with the "substantially complete" production deadline over a month ago, our review of MediaTek's document production to date reveals several categories of relevant documents that are still missing. These categories of documents are identified below in Section A of my letter.

    The close of fact discovery is fast approaching. A date certain by which all documents will be produced and interrogatory responses supplemented is needed for orderly scheduling of the remaining depositions. MOSAID requests that MediaTek confirm that it will promptly produce all below-identified documents and supplement its deficient and incomplete responses to MOSAID's interrogatories within 10 days of receipt of this letter. Production and/or supplementation after any upcoming depositions would be unacceptable and highly prejudicial.

### A. Deficiencies in MediaTek's Document Production

    The categories of documents that have been identified as missing from MediaTek's production including the following:

- all U.S. Securities and Exchange Commission filings, earning call transcripts, annual reports, and other financial documents prepared in connection with MediaTek's public reporting duties in any country from 2017 to now;

- all expert reports and exhibits thereto, expert deposition transcripts, MediaTek deposition transcripts, MediaTek discovery responses, MediaTek trial exhibits, trial transcripts, and settlement agreement (and/or any other agreement made or proposed in connection with) resolving the litigation captioned *MediaTek Inc. v. Freescale Semiconductor, Inc.*, Case

No. 4-11-cv-05341 (NDCA), involving U.S. Patent No. 6,889,331 entitled Dynamic Voltage Control Method and Apparatus;

- all forecasts of U.S. sales, including those described in the MediaTek job posting (Exhibit A);

- all third-party statistics, analyses, estimations of any kind, evaluations, and/or reports related to MediaTek's global and/or U.S. market share generally or for product categories such as processors, smartphones, and/or other consumer devices;

- all consumer reports purporting to relate or reflecting factors that drive consumer demand for the Accused Instrumentalities and/or electronic devices including the Accused Instrumentalities;

- all documents indicating MediaTek's awareness of any Entity's use, import, sales and/or offers to sell products that contain the Accused Instrumentalities in the United States;

- all documents related to the UL's delisting of devices including MediaTek's Helio G90, G70, P95, P90, P65, P60, P20 and A2, as reported by the UL at https://benchmarks.ul.com/news/ul-delists-mediatek-powered-phones-with-suspect-benchmark-scores;

- all product requirements or product specifications MediaTek received from direct and indirect customers related in any way to the Accused Instrumentalities;

- copies of all documents used to create financial summaries produced by MediaTek;

- documents identifying any processors, chips or chipsets that do not include MediaTek's power management functionality, as well as pricing for such products;

- documents reflecting sales by unit and geographic location, price data, cost data, advertisements for PMICS alone or in bundles of with SoCs including the Accused Instrumentalities;

- documents sufficient to understand the evolution of CorePilot and its various versions, including documents identifying which power and thermal management features correspond to each version;

- design specifications for each power or thermal management software component (e.g., System High-Level Design Documents, Customer Documents, Development Guides, Programming Guides, Intros, Technical Overviews), including at least PPM, CPU DVFS, GPU DVFS, APU DVFS, ATM, Hotplug, Infrastructure System Configuration Module, HMP, and EAS+, for each Accused Product;

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| MOSAID TECHNOLOGIES INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MEDIATEK, INC. ) <br> MEDIATEK USA, INC., ) <br> ) <br> Defendants. ) | Civil No. 2:23-cv-00129 <br><br> **JURY TRIAL DEMANDED** |

## ORDER GRANTING MOSAID'S MOTION TO COMPEL DEFENDANTS TO PRODUCE RESPONSIVE DOCUMENTS AND COMPLETE INTERROGATORY RESPONSES

Before the Court is Plaintiff MOSAID Technologies Inc.'s ("MOSAID") Motion to Compel Defendants to Produce Responsive Documents and Complete Interrogatory Responses (the "Motion"). Having fully considered the Motion, the Court is of the opinion that the Motion should be and hereby is **GRANTED**.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| MOSAID TECHNOLOGIES INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MEDIATEK, INC. )<br>MEDIATEK USA, INC., )<br>)<br>Defendants. ) | Civil No. 2:23-cv-00129<br><br>**JURY TRIAL DEMANDED** |

### ORDER GRANTING MOSAID'S MOTION TO COMPEL DEFENDANTS TO PRODUCE RESPONSIVE DOCUMENTS AND COMPLETE INTERROGATORY RESPONSES

Before the Court is Plaintiff MOSAID Technologies Inc.'s ("MOSAID") Motion to Compel Defendants to Produce Responsive Documents and Complete Interrogatory Responses (the "Motion"). Having fully considered the Motion, the Court is of the opinion that the Motion should be and hereby is **GRANTED**.